IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARIO MARTINEZ SHAW, II, #B88729, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-00685-JPG |
| ) | |
| RICHARD WATSON, MARK TRICE, ) | |
| SERGEANT REED, LT. MESSEY, ) | |
| CHRISTOPHER HORNES, ) | |
| and SERGEANT NICHOLSON, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 against six officials at St. Clair County Jail ("the Jail") (Doc. 1). These officials include Richard Watson, Mark Trice, Sergeant Reed, Lieutenant Messey, C/O Hornes, and Sergeant Nicholson (Doc. 1, pp. 1-3). In the complaint, Plaintiff claims that these officials subjected him to unconstitutional conditions of confinement at the Jail in 2013 (Doc. 1, pp. 6-7). He seeks monetary damages (Doc. 1, p. 8).

**The Complaint**

According to the complaint, Plaintiff was detained at the Jail from November 17, 2013, until December 9, 2013 (Doc. 1, p. 6). During that time, he was allegedly subjected to the following unconstitutional conditions of confinement: overcrowding,[1] pest infestations,[2] moldy showers, flooding from shower drain backups, foul odors, and a lack of cleaning supplies.

---

[1] Plaintiff alleges that he was housed in the misdemeanor block with 30-40 inmates, despite the fact that its maximum capacity was 22 inmates (Doc. 1, p. 6).

[2] Plaintiff claims that he was forced to live with rats, spiders, and "really big roaches" (Doc. 1, p. 6).

1

These conditions caused Plaintiff to suffer stomachaches, headaches, vomiting, and fevers that were not treated.

Plaintiff filed grievances and complaints with Jail officials to no avail. Defendants Watson and Trice, who ran the Jail, allegedly knew about the conditions and took no action. When Plaintiff complained, Defendant Trice told him to "bond out" if he objected to the way the Jail was operated (Doc. 1, p. 6). When he informed Defendant Nicholson about the flooding and mold issues, Plaintiff was told that "[he] shouldn't come to jail" (Doc. 1, p. 3). When he asked Defendant Hornes to inform maintenance staff about the mold issue, the maintenance staff simply painted over the mold, and the fumes caused inmates to become sick. Defendant Reed denied Plaintiff access to cleaning supplies, and Defendant Messey ignored his grievances (Doc. 1, pp. 2, 5).

Plaintiff now sues Defendants Watson, Trice, Reed, Hornes, Messey, and Nicholson for subjecting him to unconstitutional conditions of confinement at the Jail. He seeks monetary damages.

**Merits Review Pursuant to 28 U.S.C. § 1915**

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**<u>Discussion</u>**

Plaintiff asserts claims against Defendants for subjecting him to unconstitutional conditions of confinement (**Count 1**), for failing to treat his resulting medical conditions (**Count 2**), and for ignoring his grievances (**Count 3**). The applicable legal standard for Counts 1 and 2 depends on Plaintiff's status as a pretrial detainee or inmate while he was housed at the Jail. The Due Process Clause of the Fourteenth Amendment governs claims of pretrial detainees, while the Eighth Amendment applies to claims of inmates. *See Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008); *see also Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *Forest v. Prine*, 620 F.3d 739, 744-45 (7th Cir. 2010). However, Eighth Amendment and Fourteenth Amendment case law can be used

interchangeably in this context. *Id.*

With regard to **Count 1**, claims that relate to the conditions of confinement generally fall under the "cruel and unusual punishment" clause of the Eighth Amendment. All Eighth Amendment claims have an objective and a subjective component. *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter,* 501 U.S. 294, 302 (1991). The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society. *Id*. The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987). The complaint includes sufficient allegations to satisfy both prongs of an Eighth Amendment conditions of confinement claim against Defendants Watson, Trice, Reed, Hornes, and Nicholson at this early stage. All of these defendants allegedly knew about the Jail's unsanitary living conditions but refused to address them. Accordingly, Plaintiff shall be allowed to proceed with **Count 1** against Defendants Watson, Trice, Reed, Hornes, and Nicholson.[3]

With regard to **Count 2**, the complaint fails to state a claim for deliberate indifference to Plaintiff's medical needs against any Defendants. Relevant to this claim, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To state a claim, a plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his

---

[3] To the extent that Defendant Messey was named in connection with this claim (i.e., by ignoring grievances related to conditions at the Jail), it will be addressed below as "Count 3."

medical needs, which is a subjective standard.  *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

Count 2 fails the subjective test.  To show deliberate indifference, Plaintiff would have to establish that Defendants "knew of a substantial risk of harm to [him] and acted or failed to act in disregard of that risk."  *Henderson v. Ghosh*, --- F.3d ---, 2014 WL 2757473 (7th Cir. June 18, 2014) (quoting *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006)).  Plaintiff does not allege that any single defendant knew about his stomachaches, headaches, fevers, or vomiting, let alone acted in disregard to his medical conditions (Doc. 1, pp. 6-7).  Without more, **Count 2** must be dismissed without prejudice against all Defendants.

Finally, with regard to **Count 3**, the complaint states no claim against Defendant Messey, or any other Defendant, for failing to respond to Plaintiff's grievances.  Plaintiff specifically argues that Defendant Messey failed to respond to his grievances about the conditions at the Jail, and this gave rise to a claim against him under the Eighth Amendment.  This is not so.  The fact that a counselor, grievance officer, or even a supervisor received a complaint about the actions of another individual does not create liability.  In order to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right."  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).  *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).  Further, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."  *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  Thus, Plaintiff has no claim against Defendant Messey, or anyone else, for failing to adequately respond to his grievances and complaints about the living conditions at the Jail.  Accordingly, **Count 3** shall be dismissed with prejudice against all Defendants.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted, and **COUNT 3** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendant **MESSEY** is **DISMISSED** with prejudice.

**AS TO COUNT 1**, the Clerk of Court shall prepare for Defendants **WATSON, TRICE, REED, HORNES,** and **NICHOLSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.

Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than

**7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: July 14, 2014**

                                                    *s/ J. Phil Gilbert*
                                                  United States District Judge